## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRENDA SHELTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 04-91-WDS** |
| | ) | |
| **SHOP 'N SAVE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion for summary judgment (Doc. 24), to which plaintiff has filed a response (Doc. 26), the defendant a reply (Doc. 29), and a supplement to the reply (Doc. 30).

### FACTUAL BACKGROUND

The plaintiff filed her amended complaint against defendant alleging that she was injured when she slipped and fell on spilled dry spaghetti at defendant's store in Wood River, Illinois in December of 2001.  Plaintiff apparently did not see the spilled spaghetti before she fell and was not sure how long the spaghetti was there before she fell.

The defendant asserts it is entitled to summary judgment on the grounds that plaintiff has admitted that she did not know how long the spaghetti was on the floor, and that there has been no evidence adduced that the spaghetti was placed or allowed to be placed on the floor as a result of negligence by defendant's agents, servants or employees, or that they even knew of the existence of the spaghetti.  Plaintiff asserts that defendant did not complete an inspection/sweep every hour, as required by Shop 'N Save written guidelines, that an incident report was not filled

out until more than three months after the incident, and that the grocery cart log was not filled out in accordance with store guidelines.

## ANALYSIS

Summary judgment is appropriate when "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that no evidence exists to support the non-moving party's contentions. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party meets this burden, then the non-moving party must set forth specific facts showing that there is a genuine issue of material fact requiring a jury trial. *Id.* at 324. In reviewing a motion for summary judgment, the Court must view the record and draw all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). However, "this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis in original); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (noting that court is required to draw "only those inferences that are reasonable").

**Negligence Standard**:

Under Illinois law, "[t]o recover on a negligence claim, the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach." *Pavlik v. Wal-Mart Stores, Inc.,* 753 N.E.2d 1007, 1010 (Ill App.

Ct. 2001) (*citing  Miller v. National Ass'n of Realtors*, 648 N.E.2d 98 ( Ill. 1994).) Further, "[i]f the plaintiff cannot establish an element of her cause of action, summary judgment for the defendant is proper."  753 N.E.2d at 1010 (*citing Pyne v. Witmer*, 543 N.E.2d 1304 (Ill. 1989)).

Defendant owed plaintiff, its invitee, a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition. Pavlik, 573 N.E.2d at 1010 (*citing Ward v. K Mart Corp.*, 554 N.E.2d 223 ( Ill. 1990)).  Here, plaintiff must establish that defendant breached this duty.

> A business owner breaches its duty to an invitee who slips on a foreign substance if "(1) the substance was placed there by the negligence of the proprietor or (2)[its] servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e. the proprietor had constructive notice of the substance."

*Pavlik*, 573 N.E.2d at 1010  (*quoting Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 980)) ; *see also Olinger v. Great Atlantic & Pacific Tea Co.*, 173 N.E.2d 443 (Ill. 1961).

Initially, the Court rejects plaintiff's assertions that the lack of a timely filled-out incident report and the lack of grocery cart logs are relevant to the issue of liability in this case. The grocery logs are not related to this slip and fall action.  The alleged failure of the store manager to complete an incident report is also not relevant to whether the defendant's agents caused the plaintiff to slip and fall.

Plaintiff asserts that the floor sweeping was not completed in accordance with company guidelines, that is, within an hour of the previous floor sweeping, and thereby this fact establishes a question of fact as to whether defendant should have known of the existence of the dry spaghetti on the floor.  The record before the Court reveals the floors were swept at 7:00 A.M., 9:20 A.M., 11:01 A.M., 1:15 P.M. and later in the afternoon not relevant to the incident, because the plaintiff asserts in her deposition that she fell around 11:30 AM.  (Shelton depo. at

- 3 -

19) (Sweep Log, Ex. A to Doc. 29).    Therefore, taking plaintiff's statement as correct,  her fall

on the dry spaghetti occurred within 30 minutes of the prior sweep of the floor.

      Moreover, there was a retail inspection performed at 7:11 A.M., 8:15 A.M., 9:20 A.M.,

10:15 A.M., 11:10 A.M., 12:01 P.M. and later times in the afternoon.  Given that the floor had

been swept at 11:01 A.M. and inspected at 11:10 A.M. and plaintiff fell at approximately 11:30

A.M., the record reveals that the substance was not present "a sufficient length of time so that, in

the exercise of ordinary care, its presence should have been discovered, i.e. the proprietor had

constructive notice of the substance."  *Hayes,* 400 N.E.2d at 546. The record simply does not

support a claim for negligence under these facts.   There is nothing before the Court to establish

that there was a breach of ordinary care by the defendant in that the time between the last sweep

and inspection and the plaintiff's fall was not sufficiently long enough to put defendant on

constructive notice of the existence of the spilled spaghetti.

      Accordingly, the Court **FINDS** that it is appropriate to enter judgment in favor of

defendant Shop 'N Save Warehouse Foods, Inc. and against plaintiff Brenda Shelton on all

claims.  Defendant's motion for summary judgment is **GRANTED,** and the Clerk of the Court is

directed to enter judgment accordingly.  Each party shall bear its own costs.

      **IT IS SO ORDERED.**

      **DATED:   May 12, 2004.**


                        **s/ WILLIAM D.  STIEHL**
                          **DISTRICT JUDGE**